▌ In the Matter of the Estate of BESSIE M. WOMSLEY, Deceased. JAMES M. MILANO, as Executor of BESSIE M. WOMSLEY, Deceased, et al., Appellants; UNIVERSAL SCIENCE OF LIFE FELLOWSHIP CORPORATION et al., Respondents.— Decree of the Surrogate's Court, Westchester County, entered February 16, 1968, modified, on the law and the facts and in the exercise of discretion, by (1) striking out the third and fourth decretal paragraphs thereof and (2) remitting the proceeding to the Surrogate's Court (a) for the purpose of holding a further hearing to determine whether appellants are lawfully entitled to be credited with sums expended in the repair or renovation of the decedent's residence and in the prosecution of the foreclosure action involving the Morton property and (b) for entry of an appropriate decree thereon. As so modified, decree affirmed insofar as appealed from, without costs. We have amended the pleadings to conform to the proof and thus read the objections of respondents as alleging that the properties at bar were acquired by the fraud and undue influence of appellant James Milano (*Cowee* v. *Cornell*, 75 N. Y. 91; *Wilco Constr. Corp.* v. *Prywes*, 14 A D 2d 929; see, 3 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 3025.31). If, in fact, appellants expended sums in the repair or renovation of the decedent's residence and for the prosecution of the foreclosure action with respect to the Morton property, such sums should be deducted as a credit against the amounts which they are required to pay under the decree. Brennan, Acting P. J., Rabin, Hopkins, Benjamin and Munder, JJ., concur.